RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED __Y-1__
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _1-4-05_

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLSON-LAYNE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRILLGEAR, INC. a/k/a DRILLGEAR USA,<br><br>Defendant. | CIVIL ACTION<br>NO.<br> |

## COMPLAINT

### PARTIES



1. The plaintiff Nicholson-Layne, LLC ("NL") is a Delaware limited liability corporation registered to do business in Massachusetts and with a principal place of business at 225 Friend Street, Boston, Massachusetts.

2. The defendant Drillgear, Inc. a/k/a Drillgear USA ("Drillgear") is, upon information and belief, a Texas corporation having an office at 7735 Miller Road, No. 3, Houston, Texas.

### JURISDICTION

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between NL and Drillgear and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

### FACTS

4. NL is a subcontractor to Turner Construction Company ("Turner") on a construction project called the Massport Central Parking Garage Repairs and Expansion, MPA Project No. L 219-C3 (the "Project") located at Logan Airport in East Boston, Massachusetts.

1

5. Pursuant to its subcontract with Turner on the Project, NL is responsible for performing drilled pile foundations. The amount of NL's base subcontract with Turner is $6,354,000.

6. In order to perform its subcontract work for Turner on the Project, NL needs to use certain materials, including drill casings and starters. On or about February, 2004, NL asked Drillgear to provide NL with a quotation for drill casings and starters for NL to use on the Project. Drillgear provided such a quotation to NL on February 11, 2004, which quotation stated: "We will commit to these Prices throughout the entire project" (the "February, 2004 Quotation and Commitment").

7. NL accepted Drillgear's February, 2004 Quotation and Commitment and communicated that acceptance to Drillgear. NL relied on the February, 2004 Quotation and Commitment in the bid which NL submitted to Turner, which bid was subsequently accepted by Turner. Subsequently, in late April, 2004, NL placed its first order for drill casings and starters with Drillgear as per Drillgear's February, 2004 Quotation and Commitment, and Drillgear fulfilled that order and charged the prices for that order as set forth in the February, 2004 price Quotation and Commitment.

8. On May 18, 2004, Drillgear sent a supplemental quotation to NL containing both the same items listed on the February, 2004 Quotation and Commitment, as well as several additional items with prices (the "May, 2004 Quotation and Commitment"). The May, 2004 Quotation and Commitment stated: "We will commit to these Prices throughout the entire project". NL accepted the May, 2004 Quotation and Commitment and communicated that acceptance to Drillgear.

9. On May 25, 2004, NL submitted an order to Drillgear for a certain amount of items listed in the May, 2004 Quotation and Commitment. This order was for an estimated quantity of items totaling in excess of $1,700,000.00.

10. Drillgear subsequently delivered some of the items ordered by NL, charging the prices set forth in the February, 2004 and May, 2004 Quotations and Commitments. Some of the items delivered were of poor quality causing NL to reject them.

11. In July, 2004, several months after the February, 2004 and May, 2004 Quotations and Commitments had been made by Drillgear and accepted by NL, and after Drillgear had shipped certain items to NL at the prices set forth in the February, 2004 and May, 2004 Quotations and Commitments, Drillgear stated that it would no longer honor the February, 2004 and May, 2004 Quotations and Commitments. This constituted a breach of contract by Drillgear.

12. Drillgear's breach of contract has caused NL substantial damage. NL has been forced to secure alternative sources for the drill casings and starters, which has caused, and is expected to cause, NL to incur costs in excess of $800,000.00 more than what it would have paid if Drillgear had not breached its contract with NL.

13. Drillgear has invoiced NL $292,328.50 for the drill casings and starters which it did ship to the Project. It is NL's position that NL is entitled to offset this amount against the amount owed to NL by Drillgear due to Drillgear's breach of contract, such that no amount is due and owing by NL to Drillgear.

## COUNT I
### (Breach of Contract)

14. NL repeats and re-alleges the allegations contained in paragraphs 1 through 13, supra.

15. The conduct of Drillgear, as hereinbefore alleged, constitutes a breach of contract.

16. As a direct and proximate result of Drillgear's breach of contract, NL has suffered, is suffering, and will continue to suffer damages.

## COUNT II
### (Action for Declaratory Judgment)

17. NL repeats and re-alleges the allegations contained in paragraph 1 through 13, 15 and 16, supra.

18. An actual controversy of justifiable nature presently exists between NL and Drillgear concerning Drillgear's claim that it is owed $292,328.50 by NL.

19. Pursuant to M.G.L. c.231A, this Court may enter a declaratory judgment as to Drillgear's claim that it is owed $292,328.50 by NL.

20. The issuance of declaratory relief by this Court, and compliance by Drillgear with such relief, should be sufficient to terminate the existing controversy between the parties.

## COUNT III
### (Estoppel)

21. NL repeats and re-alleges the allegations contained in paragraphs 1 through 13, 15 and 16, and 18 through 20, supra.

22. Drillgear was aware that NL accepted the February, 2004 and May, 2004 Quotations and Commitments, and Drillgear knew that NL was relying on the February, 2004 and May, 2004 Quotations and Commitments in setting NL's subcontract price with Turner.

4

23. NL's reliance on the February, 2004 and May, 2004 Quotations and Commitments was reasonable based, among other things, that Drillgear used the prices set forth in the February, 2004 and May, 2004 Quotations and Commitments for the items that it delivered to NL in June and July, 2004, and that NL had notified Drillgear of NL's acceptance of the February, 2004 and May, 2004 Quotations and Commitments before Drillgear attempted to unilaterally modify them in July, 2004.

24. NL's reliance upon the representations and conduct of Drillgear has been reasonable and NL has been prejudiced by Drillgear's conduct, such that Drillgear is estopped to deny that the February, 2004 and May, 2004 Quotations and Commitments represent a valid agreement between NL and Drillgear.

## COUNT IV
(Breach of Covenant of Good Faith and Fair Dealing)

25. NL repeats and re-alleges the allegations contained in paragraphs 1 through 13, 15 and 16, 17 through 20, and 22 through 24, supra.

26. The agreement which NL reached with Drillgear regarding the February, 2004 and May, 2004 Quotations and Commitments carried with it an implied covenant of good faith and fair dealing.

27. Drillgear's conduct as described above constitutes a breach of its agreement with NL and a violation of the covenant of good faith and fair dealing implied in that agreement.

28. NL has suffered and will suffer damages as a result of Drillgear's breach.

WHEREFORE, NL respectfully requests that this Court enter judgment for NL and against Drillgear in an amount to be determined at trial, with interest, costs and attorneys' fees, together with such additional or alternative relief as is deemed just and proper.

PLAINTIFF NICHOLSON-LAYNE, LLC
By its attorneys,

_____
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: January 4, 2005

604397

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nicholson-Layne, LLC

## DEFENDANTS
Drillgear, Inc. a/k/a Drillgear USA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk County MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John Connelly
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100    BBO #546670

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 630 Liquor Laws | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 640 R.R. & Truck | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 650 Airline Regs. | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 371 Truth in Lending | **SOCIAL SECURITY** | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 380 Other Personal Property Damage | ☐ 861 HIA (1395ff) | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 385 Property Damage Product Liability | ☐ 862 Black Lung (923) | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | **CIVIL RIGHTS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 441 Voting | ☐ 864 SSID Title XVI | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 442 Employment | ☐ 865 RSI (405(g)) | | |
| | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** | | |
| | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 440 Other Civil Rights | **HABEAS CORPUS:** | | |
| | | ☐ 530 General | | |
| | | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. §1332 diversity action for breach of contract and other claims for defendants failure to perform on contract to supply construction materials

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $800,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE ____   DOCKET NUMBER ____

DATE: 1/4/05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Nicholson-Layne, LLC v. Drillgear, Inc. a/k/a Drillgear USA

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   none

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   no

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? no
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? no

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES  no  ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES  no

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES  no _____ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION no  OR WESTERN SECTION no

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME        John P. Connelly
ADDRESS                Peabody & Arnold LLP, 30 Rowes Wharf, Boston, MA 02110
TELEPHONE NO.          (617) 951-2100

(Category.frm - 09/92)