UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NICHOLSON-LAYNE, LLC,

    Plaintiff,

v.

DRILLGEAR, INC. a/k/a DRILLGEAR USA,

    Defendant.

CIVIL ACTION
NO. 05CV10015MLW

## DRILLGEAR, INC.'S ANSWER TO NICHOLSON-LAYNE, LLC'S COMPLAINT AND COUNTERCLAIM

Defendant, Drillgear, Inc. ("Drillgear"), by and through its attorneys, hereby states for its Answer to the Complaint of Plaintiff, Nicholson-Layne, LLC, ("NL"), and asserts a counterclaim as follows:

### PARTIES

1.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

2.    Defendant admits that it is an entity incorporated in the State of Texas as Drillgear, Inc., with an office located at 7735 Miller Road, No. 3, Houston, TX. Further answering, Defendant denies the remaining allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## JURISDICTION

3.  Paragraph 3 of the Complaint sets forth a conclusion of law and, therefore, requires no answer. However, to the extent that Paragraph 3 purports to establish subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h) (3), parties may not consent to such jurisdiction and an objection based thereon is not waived.

## FACTS

4.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

5.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

6.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

7.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

8.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

12. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

13. Drillgear admits that it is owed a sum of $292,328.50 and herein asserts a counterclaim for recovery of same. Further answering, Defendant denies the remaining allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## COUNT I
### (Breach of Contract)

14. Drillgear restates, and incorporates herein by reference, its responses to allegations in paragraphs 1 through 13 above.

15. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

16. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## COUNT II
### (Action for Declaratory Judgment)

17. Drillgear restates, and incorporates herein by reference, its responses to allegations in paragraphs 1 through 16 above.

18. Paragraph 18 of the Complaint sets forth a conclusion of law and, therefore, requires no answer. However, to the extent that a response is required, Drillgear denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

19. Paragraph 19 of the Complaint sets forth a conclusion of law and, therefore, requires no answer. However, to the extent that a response is required, Drillgear denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

20. Paragraph 20 of the Complaint sets forth a conclusion of law and, therefore, requires no answer. However, to the extent that a response is required, Drillgear denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## COUNT III
### (Estoppel)

21. Drillgear restates, and incorporates herein by reference, its responses to allegations in paragraphs 1 through 20 above.

22. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

23. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

24. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## COUNT IV
### (Breach of Covenant of Good Faith and Fair Dealing)

25. Drillgear restates, and incorporates herein by reference, its responses to allegations in paragraphs 1 through 24 above.

26. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

27. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

28. Defendant denies the allegations contained in this paragraph, and therefore calls upon Plaintiff to prove same.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to state a cause of action upon which relief may be granted.

2. Plaintiff's claims must be denied to the extent that Defendant possesses offsets against NL.

3. Plaintiff's claims must be denied to the extent that its damages are a result of its own, or another contractor's actions, omissions, breaches of contract and/or course of conduct.

4. Plaintiff's Complaint is barred by one or all of the doctrines of waiver, release, accord and satisfaction and equitable estoppel.

5. Plaintiff's claims must be denied because the damages claimed are speculative as a matter of law.

6. Plaintiff's claims are barred by its failure to mitigate its damages.

7. Plaintiff's Complaint is barred by the equitable doctrine of unclean hands.

8. Plaintiff's claims must be denied by operation of the Statute of Frauds.

9. Plaintiff's claims must be denied because the contract referenced therein is, on its face, inoperative and non-binding.

10. Defendant hereby gives notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery in this case and hereby reserve the right to amend their Answer to assert any such additional defenses

WHEREFORE, Defendant having fully responded to the Complaint hereby requests that the Complaint be dismissed and that it be awarded costs herein and such other relief, legal or equitable, that this Court deems suitable and proper.

## COUNTERCLAIM

Defendant, Drillgear, Inc. ("Drillgear") for its counterclaims against Plaintiff Nicholson-Layne, LLC ("NL") hereby alleges and states, pursuant to Fed. R. Civ. P. 13 and 15, as follows:

## PARTIES

1. The defendant, plaintiff in counterclaim, Drillgear, Inc. ("Drillgear") is a Texas corporation having an office at 7735 Miller Road, No. 3, Houston, Texas.

2. The plaintiff, defendant in counterclaim, Nicholson-Layne, LLC ("NL") is a Delaware limited liability corporation registered to do business in Massachusetts and with a principal place of business at 225 Friend Street, Boston, Massachusetts.

## FACTS

3. In connection with a construction project called the Massport Central Parking Garage Repairs and Expansion, MPA Project NO. L219-C3 (the "Project") located at Logan Airport in East Boston, Massachusetts, Drillgear and NL entered into an agreement whereby Drillgear would supply certain goods and materials to NL for use and incorporation into the Project.

4. Drillgear provided such goods and materials and has invoiced NL $292,328.50 for the drill casings and starters which it did ship to the Project.

5. NL accepted Drillgear's goods and materials, using and incorporating same into the Project and despite demand has failed and refused to render payment of the monies due and owing for such goods and materials.

6. NL has refused to render full payment to Drillgear for the goods and materials supplied by Drillgear, leaving a balance owed as of this date of $292,328.50.

7. NL's failure to render payment of amounts due and owing to Drillgear has and will continue to cause Drillgear loss and damage.

## COUNT I
### (Goods Sold and Delivered)

8. Drillgear restates, and incorporates herein by reference, its responses to allegations in paragraphs 1 through 7 above.

9. Drillgear has delivered goods and materials to NL's Project as set forth herein and which goods and materials have been incorporated into the Project and benefited NL.

10. NL has unjustly benefited from the use of Drillgear's materials without rendering payment for same.

#518495                                   7

WHEREFORE, Drillgear demands Judgment against NL in the amount of $292,328.50 representing the fair market value of the goods and materials Drillgear supplied to NL which were incorporated into the Project together with such other relief as is just and equitable.

### COUNT II
### (M.G.L. c. 93A)

11. Drillgear restates as if fully set forth here each of the allegations contained in Paragraph 1 through 12 above.

12. NL has knowingly and willfully failed without justifiable excuse to render the undisputed payment to NL for the goods and materials NL supplied.

13. At all times relevant to the transaction at hand, NL and Drillgear were involved in trade or commerce within the Commonwealth of Massachusetts.

14. NL's knowing and willful failure to render payment to Drillgear of undisputed amounts due and owing for materials delivered by Drillgear to NL on the Project constitutes an unfair and deceptive act and practice within the ambit of M.G.L. c. 93A.

WHEREFORE, Drillgear demands Judgment against NL in the amount of $292,328.50 plus interest and attorney's fees as provided by statute as well as multiple damages against NL as a result of NL's violations of M.G.L. c. 93A.

                                        Respectfully Submitted,

                                        **DRILLGEAR, INC.**

                                        By its attorneys,

                                               */s/ Jeremy Blackowicz*
                                        Joel Lewin (BBO #298040)
                                        Jeremy Blackowicz (BBO #650945)
                                        Hinckley, Allen & Snyder, LLP
                                        28 State Street
                                        Boston, MA 02109
                                        (617)345-9000

February 22, 2005