UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLSON-LAYNE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>DRILLGEAR, INC. a/k/a DRILLGEAR USA,<br><br>        Defendant. | CIVIL ACTION<br>NO. 05CV10015MLW |

## JOINT STATEMENT

The parties have conferred and submit the following Joint Statement pursuant to Fed. R. Civ. P. Rule 26(f) and Rule 16.1(D) of the Local Rules and in anticipation of the status conference scheduled for this case on September 12, 2005. The Parties expressly reserve the right to modify or amend their statements as applicable, after discovery is completed.

I.    Proposed Agenda

The parties propose that the matters to be discussed at the status conference on September 12, 2005 will include, but will not be limited to, setting a schedule for discovery and the filing of pre-trial motions.

II.    Summary of the Positions Asserted by the Parties with Respect to Liability and Relief Sought

    A.    Plaintiff's Summary

The plaintiff Nicholson-Layne, LLC ("NL") was a subcontractor to Turner Construction Company ("Turner") on a construction project called the Massport Central Parking Garage Repairs and Expansion, MPA Project No. L 219-C3 (the "Project") located at Logan Airport in East Boston, Massachusetts. Pursuant to its subcontract with Turner on the Project, NL was

1

responsible for performing drilled pile foundations. The amount of NL's base subcontract with Turner was $6,354,000.

In order to perform its subcontract work for Turner on the Project, NL needed to use certain materials, including drill casings and starters. NL asked the defendant Drillgear, Inc. a/k/a Drillgear USA ("Drillgear") to provide NL with a quotation for drill casings and starters for NL to use on the Project. Drillgear provided such a quotation to NL, stating therein that it committed to the prices set forth in the quotation for the duration of the Project. NL accepted Drillgear's quotation and communicated that to Drillgear.

Several months later, after NL had entered into its subcontract with Turner based, in part, on the quotation that it had accepted from Drillgear, and after NL had begun working on the Project and Drillgear had shipped some drill casings and starters to the Project based on the prices set forth in the quotation, Drillgear made an "about face" and informed Nicholson that Drillgear would no longer honor the prices in the quotation. This constituted a breach of contract by Drillgear which caused NL substantial damage. NL was forced to secure alternative sources for the drill casings and starters, which caused NL to incur costs in excess of $800,000 more than what it would have paid if Drillgear had not breached its contact with NL.

Drillgear invoiced NL $292,328.50 for the drill casings and starters which it did ship to the Project. It if NL's position that NL is entitled to offset this amount against the amount owned to NL by Drillgear due to Drillgear's breach of contract, such that no amount is due and owing by NL to Drillgear.

B.  Defendant's Summary

Drillgear was contacted by NL regarding the supply of steel micropiling to NL's Project. Drillgear and NL had preliminary discussions regarding same, and Drillgear provided a price quote to NL for the provision of test piling. Drillgear provided and shipped to the Project the test-pilings and materials and invoiced NL $292,328.50 for same. NL accepted and incorporated Drillgear's test piling and materials into the Project; however, to date, NL has failed and refused to pay Drillgear for same.

NL subsequently increased the quantity of required micropilings for the entire Project and required modification of the type of drill bits that were to be used in the installation of the micropilings. As a result of the change in material specifications and quantities, Drillgear informed NL that its price for the provision of these items to NL had increased. In response to same, NL unilaterally issued a Purchase Order to Drillgear, attempting to bind Drillgear to its initial pricing for the Project. Drillgear never signed, agreed to or accepted the Purchase Order issued by NL, nor were any of the terms contained therein agreed-upon.

There is no contract or agreement between NL and Drillgear for the supply of the micropiling materials for the Project. Accordingly, Drillgear has no obligation to NL to provide same. Moreover, NL's unilateral Purchase Order is not binding upon Drillgear and no claims or damages may be asserted against Drillgear for any purported breach of same. Drillgear notified NL prior to the unilateral issuance of the Purchase Order, that NL's quantity and material requirements changed and increased the price which Drillgear would charge, and that its prior pricing was withdrawn. Moreover, during the course of the parties' ongoing negotiations, material and steel costs escalated significantly, also impacting Drillgear's estimate. NL attempted to renegotiate prices throughout the parties' dealings and requested Drillgear to ship

product notwithstanding the fact that no contract was ever entered into, and no price was agreed-upon for the provision of materials to the Project, suggesting that the parties would "work out" such details at a later date. These actions on NL's part support Drillgear's position that there was no contract and no "meeting of the minds" between the parties.

NL wrongfully attempted to leverage Drillgear by withholding the monies due and owing for the test piling Drillgear supplied to NL for the Project in an attempt to compel Drillgear into an unfavorable contract. Drillgear did not acquiesce to this unfair and deceptive conduct and coercion. NL has not disputed the amounts claimed due and owing to Drillgear for the test piling, but has maintained and withheld such funds based upon specious, purported costs incurred by NL to secure micropiling from another supplier under the guise of a right to set-off which does not exist.

III.   Proposed Joint Discovery Plan

The parties have reached agreement on the following pre-trial schedule:

| | |
|---|---|
| Motions for joinder of parties to be brought by: | October 31, 2005 |
| Conclusion of fact discovery: | March 31, 2006 |
| Filing of dispositive motions: | May 31, 2006 |
| Opposition for dispositive motions: | June 30, 2006 |
| Reply brief for dispositive motions: | July 14, 2006 |
| Hearing on dispositive motions: | August 1, 2006 |

IV.   Certifications Signed by Counsel and by the Parties

The parties will file the certifications required by Local Rule 16.1(D)(3) separately with the court.

V.   Plaintiff's Settlement Proposal

NL will present its settlement proposal to Drillgear on or before September 30, 2005.

4

VI.   Trial by Magistrate Judge

The parties consent to trial by Magistrate Judge.

VII.   Alternative Dispute Resolution

The parties will make diligent efforts at the appropriate time to come to an agreement on the various alternative dispute resolution procedures set forth in Local Rule 16.4. However, at this time, the parties believe that submitting this matter to alternative dispute resolution is premature.

PLAINTIFF NICHOLSON-LAYNE, LLC
By its attorneys,

_____
John P. Connelly, BBO #546670
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

DEFENDANT DRILLGEAR, INC.
a/k/a DRILLGEAR USA
By its attorneys,

_____
Joel Lewin, BBO #298040
Hugh J. Gorman, III, BBO #552147
Jeremy Blackowicz, BBO #650945
HINCKLEY, ALLEN & SNYDER, LLP
28 State Street
Boston, MA 02109
(617) 345-9000

Dated: September 8, 2005

622152

### CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that on this 8th day of September, 2005 I served a copy of the foregoing by first class mail, postage prepaid upon the defendant's attorneys: Joel Lewin, Esquire, Hugh J. Gorman, III, Esquire and Jeremy Blackowicz, Esquire, Hinckley, Allen & Snyder, LLP, 28 State Street, Boston, MA 02109.

_____
John P. Connelly